

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00017-CV
_____


IN THE ESTATE OF BILLY WAYNE PHILLIPS, DECEASED


On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. 18697


Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion on Remand by Chief Justice Stevens
Concurring Opinion by Justice van Cleef
Concurring in Part and Dissenting in Part Opinion by Justice Rambin

MEMORANDUM OPINION ON REMAND

In this appeal, we determine whether a probate court erred by dismissing partition claims to a parcel of land under Chapter 23 of the Texas Property Code and the Uniform Partition of Heirs Property Act when a testator's will fails to make a specific devise of the property and provides that an independent executrix has power to sell the property. *See* TEX. PROP. CODE ANN. §§ 23.001, 23A.001; TEX. EST. CODE ANN. § 405.0015. Finding the probate court's actions proper, we affirm its order allowing the independent executrix to sell the property at issue.

## I.      Factual and Procedural Background

This case has a lengthy factual and procedural history, a brief recitation of which is necessary to the understanding of the appeal before us.[1] It begins with the probate of The Last Will and Testament of Billy Wayne Phillips (Will) in 2019. Without making any specific bequest, the Will devised all of the estate, including "an approximately fourteen-acre tract of land in Hunt County" (the Property), "to two of his children, Sheila Juanita Smith and Billie Kimberly Hudson." *Est. of Phillips*, No. 06-22-00015-CV, 2022 WL 2919505, at *1 (Tex. App.—Texarkana July 26, 2022, no pet.) (mem. op.). After the Will was admitted to probate, the probate court appointed Smith independent executrix of the estate and found that Hudson was not qualified to serve and did not seek letters testamentary. *Id.* As the sole independent

---

[1]In a prior opinion, we found that the appellant had failed to preserve her partition claims because they were omitted from the live petition. *See Est. of Phillips*, 700 S.W.3d 432, 436 (Tex. App.—Texarkana 2024), *pet. granted, decision rev'd*, 700 S.W.3d 428 (Tex. 2024) (per curiam). While the petition reserved claims that were dismissed without prejudice, the appellant's partition claims were dismissed with prejudice. However, the Texas Supreme Court noted that the appellant had obtained an adverse ruling and complained of that ruling, which preserved her complaint on appeal. In accordance with the Texas Supreme Court's opinion and mandate, we address the merits of the appellant's complaint.

2

executrix appointed by the trial court, the Will gave Smith "'full power and authority over any and all of [Phillips'] estate' and authorized her 'to sell, manage, and dispose of the same or any part thereof . . . and to do any and all things proper or necessary in the orderly handling and management of [his] estate.'" *Id.* (second alteration in original).

On February 15, 2022, Hudson filed a petition in intervention seeking partition of the Property in kind pursuant to Chapter 23A of the Texas Property Code.[2] In response, Smith moved to dismiss the Chapter 23A partition claim under Rule 91a of the Texas Rules of Civil Procedure on the ground that it had no basis in law because the Will did not devise specific real property to Hudson and expressly gave Smith the power of sale. *See* TEX. R. CIV. P. 91a. On April 14, 2022, the trial court dismissed Hudson's partition suit "under Texas Property Code [Chapter] 23A" and awarded Smith attorney fees.

As a result, in a July 2022 opinion, we held that Smith had the superior right to possess the Property and upheld the trial court's order requiring Hudson to turn over the Property to Smith so she could proceed with the due administration of Phillips's estate.[3] *Id.* at \*4–5. Hudson did not appeal that decision.

In September 2022, Hudson filed an amended petition, which again raised partition claims under Chapters 23 and 23A of the Texas Property Code. Smith filed special exceptions

---

[2]Although Hudson also raised complaints under Chapter 360 of the Texas Estates Code, those claims were later abandoned by subsequent petitions and are not at issue here.

[3]Smith's application for turnover stated that she wished to "proceed with marketing and the sale of the Property so that she [could] pay any outstanding debts of the estate and costs of administration."

on the ground that those claims were previously dismissed by the trial court under Rule 91a. The trial court granted Smith's special exceptions and struck Hudson's partition claims.

On February 9, 2023, the trial court entered an order finding that Smith had the power to sell the Property without further order of the court. Hudson appeals from the trial court's order of sale. On appeal, Hudson argues that the trial court erred by striking her partition claims under Rule 91a. Alleging that her partition claims are valid, Hudson also argues that the trial court erred by ordering the property sold before deciding the partition claims on the merits.

## II. Standard of Review

"Rule 91a provides that a party 'may move to dismiss a cause of action on the grounds that it has no basis in law or fact.'" *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021) (quoting TEX. R. CIV. P. 91a.1). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* (quoting TEX. R. CIV. P. 91a.1). "In ruling on a Rule 91a motion, a court 'may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action." *Id.* (quoting TEX. R. CIV. P. 91a.6). "We review the merits of a Rule 91a motion de novo." *Id.* (citing *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam)).

## III. The Rule 91a Dismissal Was Proper

In order to resolve this dispute, we must decide whether Hudson's partition claims had a basis in law entitling her to relief by partition. The general partition statute is found in Chapter 23 of the Texas Property Code and provides a right of partition to "[a] joint owner or claimant of

4

real property." Tᴇx. Pʀᴏᴘ. Cᴏᴅᴇ Aɴɴ. § 23.001. However, if the property seeking to be partitioned is heirs' property, Chapter 23A "supplements Chapter 23 and the Texas Rules of Civil Procedure governing partition of real property." Tᴇx. Pʀᴏᴘ. Cᴏᴅᴇ Aɴɴ. § 23A.003(b). As we explain below, the Property was heirs' property, and as a result, Chapter 23A, not Chapter 23, of the Texas Property Code applies to this case.

The Uniform Partition of Heirs Property Act, which sought "to improve the law of partition with respect to cases involving family-owned tenancy-in-common property by ensuring that each cotenant in a partition action is treated in a fair and equitable manner," was drafted by the National Conference of Commissioners on Uniform State Laws in 2010 and was recommended for adoption by state legislatures. Uɴɪғᴏʀᴍ Pᴀʀᴛɪᴛɪᴏɴ ᴏғ Hᴇɪʀs Pʀᴏᴘᴇʀᴛʏ Aᴄᴛ ᴡɪᴛʜ Pʀᴇғᴀᴛᴏʀʏ Nᴏᴛᴇ ᴀɴᴅ Cᴏᴍᴍᴇɴᴛ, drafted by the National Conference of Commissioners on Uniform State Laws, 2010, at 12, https://www.uniformlaws.org/HigherLogic/System/DownloadDocumentFile.ashx?DocumentFileKey=2df84a2e-2ad1-1735-2caf-e3536111a141&forceDialog=1. Its stated purpose "is to ameliorate, to the extent feasible, the adverse consequences of a partition action when there are some cotenants who wish, for various reasons, to retain possession of some or all of the land, and other cotenants who would like the property to be sold," while simultaneously recognizing "the legitimate rights of each cotenant to secure his, her, or its relative share of the current market value of the property and to seek to consolidate ownership of the property." *Id.*; *see Est. of Phillips*, 2022 WL 2919505, at 4–5. In 2017, the Texas Legislature adopted the Uniform Partition of Heirs' Property Act, which became effective

5

on September 1, 2017. *See* Act of May 19, 2017, 85th Leg., R.S., ch. 297 § 1, sec. 23A.001, 2017 Tex. Gen. Laws 572, 572.

Under the Uniform Partition of Heirs' Property Act, "Heirs' property" has the following definition:

> real property held in tenancy in common that satisfies all of the following requirements as of the filing of a partition action:
>
> > (A)    there is no agreement in a record binding all the cotenants that governs the partition of the property;
> >
> > (B)    one or more of the cotenants acquired title from a relative, whether living or deceased; and
> >
> > (C)    any of the following applies:
> >
> > > (i)    20 percent or more of the interests are held by cotenants who are relatives;
> > >
> > > (ii)    20 percent or more of the interests are held by an individual who acquired title from a relative, whether living or deceased; or
> > >
> > > (iii)    20 percent or more of the cotenants are relatives.

TEX. PROP. CODE ANN. § 23A.002(5). Under the plain meaning of Section 23A.002(5), the Property at issue here meets the definition of heirs' property. For this reason, Hudson argues that the probate court erred by dismissing her partition claims.

Yet, in the same legislative session, the Texas Legislature passed Section 405.0015 of the Texas Estates Code. *See* Act of May 28, 2017, 85th Leg., R.S., ch. 844 § 33, sec. 405.0015,

2017 Tex. Gen. Laws 3524, 3534. As noted by our sister court, "it is not a coincidence section 405.0015 became effective simultaneously with the Texas Uniform Partition of Heir's Property Act (the 'Heirs Partition Act')." *In re Est. of Stewart*, No. 04-20-00103-CV, 2021 WL 1987541, at *9 (Tex. App.—San Antonio May 19, 2021, pet. denied) (mem. op.). In looking at the two statutes, our sister court concluded that "section 405.0015 . . . provides an independent executor with the tools necessary to make non-pro-rata distributions and avoid the common partition litigation among heirs anticipated and addressed by the Heirs Partition Act." *Id.* The text of Section 405.0015 states,

> Unless the will, if any, or a court order provides otherwise, an independent executor may, in distributing property not specifically devised that the independent executor is authorized to sell:
>
> (1)     make distributions in divided or undivided interests;
>
> (2)     allocate particular assets in proportionate or disproportionate shares;
>
> (3)     value the estate property for the purposes of acting under Subdivision (1) or (2); and
>
> (4)     adjust the distribution, division, or termination for resulting differences in valuation.

TEX. EST. CODE ANN. § 405.0015.

Smith argues in her motion to dismiss Hudson's partition claims that there was no specific bequest of the Property in the Will and that the Will gave the independent executrix the power of sale. Smith's motion to dismiss is consistent with the language of Section 405.0015 of

7

the Texas Estates Code, which states that "the independent executor is authorized to sell" property "not specifically devised" unless a court order or will provides otherwise. TEX. EST. CODE ANN. § 405.0015. Also, Smith cited to caselaw consistent with Section 405.0015 in arguing that the Will's language giving Smith the power of sale controlled. *See Smith v. Hodges*, 294 S.W.3d 774, 778 (Tex. App.—Eastland 2009, no pet.); *Harper v. Swoveland*, 591 S.W.2d 629, 630 (Tex. App.—Dallas 1979, no writ).

After reviewing the applicable caselaw, Chapter 23A of the Texas Property Code, and Section 405.0015 of the Texas Estates Code, we conclude that the trial court did not err in finding that Hudson was not entitled to partition the Property in this case. *See In re Est. of Stewart*, 2021 WL 1987541, at *9; R. Shaun Rainey, *Uniform Partition of Heirs' Property Act: Partition with an Acetate Overlay*, 13 EST. PLAN. & COMMUNITY PROP. L.J. 233, 260, 266 (2020) (describing Section 405.0015 as a tool estate planners can use "in an attempt to avoid the application of the UPHPA").

We conclude that the probate court properly found that Hudson's partition claims had no basis in law. As a result, the probate court was also correct in granting Smith's special exceptions to Hudson's amended petitions raising partition claims. Consequently, we reject Hudson's argument that the probate court had to resolve any partition claims before granting an order of sale for the Property. In sum, we overrule all of Hudson's points of error.

**IV.    Conclusion**

We affirm the probate court's judgment.


Scott E. Stevens
Chief Justice


CONCURRING OPINION

Phillips's will gave the executrix (Smith) "full power and authority over any and all of [his] estate' and authorized her 'to sell, manage, and dispose of the same or any part thereof . . . and to do any and all things proper or necessary in the orderly handling and management of [his] estate." *Est. of Phillips*, No. 06-22-00015-CV, 2022 WL 2919505, at *1 (Tex. App.—Texarkana, July 26, 2022, no pet.) (mem. op.) (alterations in original).

In a previous chapter of this case, we explained that Smith had both legal title to the real property in issue and a superior right of control and possession. *Id.* Hudson's vested interest was and is subject to administration of the estate. *Id.* After reviewing provisions of the Texas Estates Code, we ultimately concluded that the trial court did not abuse its discretion by ordering Hudson to surrender the property to the executrix. *Id.*

In this chapter of the case, we find ourselves at the intersection of the Texas Estates Code and Chapter 23A of the Texas Property Code (the Uniform Partition of Heirs' Property Act, or UPHPA). The UPHPA only applies to "[h]eirs' property." TEX. PROP. CODE ANN. § 23A.002(5). "Heirs' property" is defined conjunctively to include cotenant property where

9

"one or more of the cotenants acquired title from a relative." TEX. PROP. CODE ANN. § 23A.002(5)(B). My colleagues reasonably reach beyond traditional notions of "acquired title" to conclude that the property in issue is heirs' property, but I find this unnecessary.

The UPHPA—which is an adoption of a model code—took effect in 2017, yet I am unable to find any case holding that it may be used to direct a partition during administration of an estate. Conspicuously absent from the UPHPA is any expression to the effect that it may be used to intervene during administration or alter the ability of an executrix to take steps permitted by express terms of the will, or that an equitable or contingent interest in property is "acquired title." While not controlling in this case, I also note that the comments and testimony in the Senate hearing on passage of the UPHPA indicated that it was principally intended to protect cotenants of ancestral property from the predations of unscrupulous (third-party) land speculators. Both Hudson and Smith are beneficiaries of their father's estate, and this case is at the fountainhead of bequest. Fortunately, Section 356.002 of the Texas Estates Code, which was effective prior to the UPHPA, and which the Legislature did not repeal or alter in response to passage of the UPHPA, answers the ultimate question: "(a) . . . if a will authorizes the executor to sell the testator's property . . . (2) the executor may sell the property." TEX. EST. CODE ANN. § 356.002. Simply put, while nothing in Chapter 23A states by express terms that it prevails over the ability of an independent executor to collect and dispose of the assets of an estate, the Texas Estate Code does. *See* TEX. PROP. CODE ANN. §§ 23A.001–.013.

I do not believe the property is heirs' property such that an immediate partition can be granted even though administration of an estate is pending. Rather, I believe that, although

10

Hudson had a vested interest in the Property at the moment of Phillips's death, the Property was subject to administration and was property of the estate. *See Meekins v. Wisnoski*, 404 S.W.3d 690, 698 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

For these reasons, I would not be concerned with the applicability of any provision of the UPHPA in a case in which the executor is duly authorized by the will and the Texas Estates Code to sell the property. As a result, I concur in the decision of Chief Justice Stevens.


Charles van Cleef
Justice


CONCURRENCE IN PART AND DISSENT IN PART

Hudson's father's Will left her an undivided one-half interest in a Hunt County tract of land. Hudson was already living on the tract, with her father's blessing. Hudson's father left no debts to speak of. Hudson wanted the independent executor, her sister Smith, to partition the tract so that Hudson would get the half she was already living on. Smith refused. Smith wants to use her powers as executor to kick Hudson off the land and sell it all. Hudson sought to compel partition under several legal theories. One of them is a relatively new statutory provision, Chapter 23A of the Texas Property Code. *See* TEX. PROP. CODE ANN. §§ 23A.001–

11

.013. Our Court is the first to address how Chapter 23A intersects with the procedures of independent estate administration.

The main opinion resolves Hudson's question of first impression by relying on Section 405.0015 of the Texas Estates Code, a statute that Hudson's opponent did not cite. The main opinion then affirms the Rule 91a dismissal of Hudson's Chapter 23A claim.

Under our Court's precedent, this should not be a Rule 91a "[b]aseless" case dismissal. *See* TEX. R. CIV. P. 91a.

"[T]he Supreme Court's Rule 91a cases . . . suggest that the law must be 'settled'" for a Rule 91a dismissal to be proper. *In re Shire PLC*, 633 S.W.3d 1, 27 (Tex. App.—Texarkana 2021, orig. proceeding); *see In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 661 (Tex. 2023) (orig. proceeding) ("A cause of action has no basis in law under Rule 91a if it is barred by an *established* legal rule and the plaintiff has failed to plead facts demonstrating that the rule does not apply." (emphasis added)).

There are three other things that make the affirmance of the Rule 91a dismissal troubling. First, Hudson won in significant part. For example, I join the main opinion in finding that Hudson's interest in the tract constitutes "heirs' property" within the meaning of Chapter 23A. That means that, if Smith had deeded the property out of the estate as an undivided tenancy in common, then Hudson could have invoked Chapter 23A outside of probate. Second, the attorney fees racked up by the parties are now being used as estate debts to justify the need to sell the land. The award of attorney fees based on Rule 91a are part of that. Third, the main opinion misconstrues Section 405.0015 and, in so doing, gives a blanket endorsement to an independent

12

executor's power of sale. That blanket endorsement of the power of sale effectively disposes of all of Hudson's claims, even claims not presently before us, including Hudson's claim that Smith has breached her fiduciary duty as independent executor.

## I.      Preview of the Analysis

I agree with the main opinion that the Hunt County tract of land devised by Phillips's Will constitutes heir's property under Chapter 23A. I also agree, ultimately, with both of my colleagues that the partition process in Chapter 23A does not apply to the independent administration of an estate (nor, for that matter, does it apply to dependent administrations).

But I get to that conclusion by a different path.

Regarding whether, when, and how partition can be had in an independent administration, I first look to the nature of pre-distribution devised property. Then I look to whether partition is possible in independent administrations under the Texas Estates Code. I conclude that it is possible and that, after the passage of time, it can be compelled. After that analysis, I invoke the cannons of construction, including the specific controlling provision(s) over the general, to find that, during the administration of an estate, the administration-specific partition provisions of the Texas Estates Code govern over the more general provisions of Chapters 23 and 23A of the Texas Property Code.

Because partition is possible, even in an independent administration, and because Hudson's claims were worthy of consideration on the merits, I would reverse the Rule 91a dismissal. I would affirm the special exceptions rulings striking the partition claims under the various theories asserted by Hudson. Those rulings were proper when made. But time has

changed things. Enough time has passed so that Hudson can now seek partition via the Texas Estates Code. Whether she should be allowed to do so is a matter best left to the trial court in the first instance.

## II.     The Nature of Hudson's Interest:  *Real Ownership Constituting "Heirs' Property"*

I agree with the main opinion that Hudson's interest in the Property meets the statutory definition of "Heirs' property" under Section 23A.002(5) of the Texas Property Code. TEX. PROP. CODE ANN. § 23A.002(5).

The instant Phillips died, his property, pursuant to his Will, vested immediately in his devisees.[4] By devise, his daughters Smith and Hudson both immediately held equitable title to the fourteen acres at issue, with each having an *un*divided one-half interest.[5] That title is equitable because Smith, as executor, holds legal title to both halves, subject to an executor's

---

[4]*Austin Trust Co. as Trustee of Bob & Elizabeth Lanier Descendants Trusts for Robert Clayton Lanier, Jr. v. Houren,* held as follows:

> We have described an estate executor as "trustee of the property of the estate, . . . subject to the high fiduciary standards applicable to all trustees." The executor's duty runs to the estate and its beneficiaries. The duty is reflected in the Estates Code, which "vests" a decedent's estate immediately in his devisees or heirs at law, subject to payment of the decedent's debts, TEX. EST. CODE [ANN.] § 101.001, and requires the executor or administrator to "recover possession of the estate and hold the estate in trust to be disposed of in accordance with the law," *id.* § 101.003.

664 S.W.3d 35, 45 (Tex. 2023) (citations omitted); *see Welder v. Hitchcock*, 617 S.W.2d 294, 297 (Tex. App.—Corpus Christi 1981, writ ref'd n.r.e.) ("[T]itle to an estate vests in the heirs immediately upon the death of the decedent. There is never a time when title is not vested in someone. . . . The vesting of title in the heirs upon death of the decedent is said to be legally occurring within an infinitely small period of time. It has been said that there is no shorter interval of time than between the death of a decedent and the vesting of his estate in his heirs." (citations omitted)).

[5]*See Bailey v. Cherokee Cnty. Appraisal Dist.*, 862 S.W.2d 581, 584 (Tex. 1993) ("heirs hold equitable title to estate property").

14

fiduciary duty.[6]  Still, though, equitable title is real ownership.[7]  The application of Section 23A.002(5) to equitable title is consistent with the nature of Chapter 23A, the Uniform Partition of Heirs' Property Act.  If the application of Chapter 23A depended on the co-tenancy of heirs being shown by a deed that could be found by volume and page number in the county deed records, then Chapter 23A would not reach property that had passed through intestate succession for generations without the determination of heirship or intestate probate administration.

Therefore, I agree that, immediately upon her father's death, and pursuant to his Will, Hudson "held" a property right within the meaning of Section 23A.002(5).[8]

---

[6]*Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 706 (Tex. 2021) ("As courts recognize in the trust context, the holders of *equitable title* to property 'are considered *the real owners*,' and the trustee vested with legal title 'holds [the property] for the benefit of' the equitable-title holder." (alteration in original) (emphasis added) (citations omitted)).

[7]*Id.*

[8]I reach this result from the text, and the text alone, of Section 23A.002(5).  Turning over the rock of legislative history does not change the outcome.  A comment to the statute states that "the Act does not apply to 'first generation' tenancy-in-common property."  TEX. PROP. CODE ANN. § 23A.002(5) cmt. 3.  The comment, however, contains qualifications to that statement.  *Id.*  Such comments, if they could be considered, would not settle the matter.  *See Romo v. Austin Nat'l Bank*, 615 S.W.2d 168, 170 n.2 (Tex. 1981) ("Although the official comments to the Code were not enacted by the Legislature, they serve as a valuable aid in construing the statutory language."); *In re Sullivan*, 157 S.W.3d 911, 918 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding) ("These are comments by nonlegislators, made after the Texas Legislature enacted the statute in question.  Therefore, these statements are not legislative history, nor are they otherwise relevant to the statutory-construction issue at hand.").  Indeed, the meaning of the comment might not be what it would first appear.  *See* Thomas W. Mitchell, *Reforming Property Law to Address Devastating Land Loss*, 66 ALA. L. REV. 1, 43 n.207, 44 n.208 (2014) ("The drafting committee excluded 'first generation' tenancies in common that are *not* established by devise or intestate succession from the definition of heirs property."  "However, if at least one of the original 'first generation' tenants in common acquired his or her interest from a relative, then the tenancy in common may be deemed heirs property if the other criteria are satisfied, even if the property is still owned exclusively by all of the original cotenants.  This could happen, for example, if the property was devised by a testator or testatrix who had sole ownership of the property in question to a group of people, provided that the group contained at least one relative of the testator or testatrix." (emphasis added)).  In sum, the comment regarding "first generation" is more complicated that it seems and, ultimately, is a distraction from the text of the statute.

15

## III. Partition "in the manner provided for . . . in supervised estates."

The Texas Estates Code contemplates that estate assets can be partitioned under the supervision of the probate court, even in an independent administration.

An independent executor may voluntarily seek partition under the supervision of the probate court.[9] If the independent executor seeks such relief, the probate court then looks to the rules applicable to supervised estates, i.e., a dependent administration.[10]

After the passage of time, a person interested in an estate (such as a devisee) may also request the relief of partition, as part of a request for accounting and distribution.[11] When a person interested in the estate makes such a request, the probate court begins by ordering the independent executor to file an accounting.[12] Then the probate court determines whether there is a continuing need for administration.[13] If not, then the probate court "shall" order the

---

[9]TEX. EST. CODE ANN. § 405.008 ("[T]he independent executor *may*, but may not be required to, petition the probate court for either a *partition* and distribution of the estate or an order of sale of any portion of the estate alleged by the independent executor and found by the court to be incapable of a fair and equal partition and distribution, or both. The estate or portion of the estate shall either be partitioned and distributed or sold, or both, *in the manner provided for the partition and distribution of property and the sale of property incapable of division in supervised estates*." (emphasis added)).

[10]*Id.*

[11]TEX. EST. CODE ANN. § 405.001(a) ("[A]t any time after the expiration of two years after the date the court clerk first issues letters testamentary or of administration to any personal representative of an estate, *a person interested in the estate* then subject to independent administration may petition the court for an accounting and distribution." (emphasis added)).

[12]*Id.* ("The court may order an accounting to be made with the court by the independent executor at such time as the court considers proper. The accounting shall include the information that the court considers necessary to determine whether any part of the estate should be distributed.").

[13]TEX. EST. CODE ANN. § 405.001(b) ("On receipt of the accounting and, after notice to the independent executor and a hearing, unless the court finds a continued necessity for administration of the estate, the court shall order its distribution by the independent executor to the distributees entitled to the property. If the court finds there is a

distribution of the entire estate, or those portions of the estate for which administration is no longer needed.[14]  This is where partition by probate court order becomes an option:

> If any portion of the estate that is ordered to be distributed is incapable of distribution without prior partition or sale, the court may:
>
> (1)    order partition and distribution, or sale, *in the manner provided for the partition and distribution of property incapable of division in supervised estates*; or
>
> (2)    order distribution of that portion of the estate incapable of distribution without prior partition or sale in undivided interests.

TEX. EST. CODE ANN. § 405.001(b) (emphasis added).

Therefore, even in independent administrations, there is a statutory procedure for partition, and it is the same procedure used in dependent estates.  *Id.*; TEX. EST. CODE ANN. § 405.008.  Neither Section 405.001(b) nor Section 405.008, however, cite by section number to what is meant by "in the manner provided . . . in supervised estates."  TEX. EST. CODE ANN. §§ 405.001(b), 405.008.

The procedure applicable to *dependent* administrations, however, is known:  it is Chapter 360 of the Estates Code.  *See In re Est. of Richards*, 703 S.W.3d 920, 929 (Tex. App.—Eastland 2024, no pet.) ("By their express terms, Sections 360.001 and 360.002 permit a designated class of individuals to *request* the partition and distribution of the estate or a portion of the estate.  The remainder of Chapter 360 sets out the procedures that govern a request under Sections 360.001 and 360.002.").  Our sister court in Eastland went on to assume, without deciding, that Chapter

---

continued necessity for administration of the estate, the court shall order the distribution of any portion of the estate that the court finds should not be subject to further administration by the independent executor.").

[14]*Id.*

360 applies to partition requests in independent administrations, when properly invoked via Section 405.001(b) or Section 405.008. *Id.* at 930 ("[S]tatutes applicable to an independent administration indicate that the partition and distribution provisions for supervised estates can be applicable to an independent administration at some point later in the probate proceedings.").[15]

## IV.     Intersection of Chapter 23A and the Texas Estates Code

Both the Texas Estates Code and Chapter 23A provide methods of partition. They are not identical. To some degree, they are in conflict. Section 405.001, for example, places limitations on when and under what circumstances a devisee such as Hudson may ask the probate court to order a partition.

"[I]t is cardinal law in Texas that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.'" *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) (quoting *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)). When considering statutory text, we consider the statute at issue in the context of related provisions. *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014). "We look to the statutory scheme as a whole . . . not to snippets taken in isolation." *Ochsner v. Ochsner*, 517 S.W.3d 717, 721 (Tex. 2016). A "more specific statute controls over the more general one." *Columbia Hosp. Corp. of Houston v. Moore*, 92 S.W.3d 470, 473 (Tex. 2002). The Legislature is presumed to be "familiar with common-law traditions and principles."

---

[15]The question of partition was not reached, though, because of unchallenged trial court findings that the property at issue in that case was not susceptible to partition in kind. *In re Est. of Richards*, 703 S.W.3d at 931("This finding by the trial court is adverse to [the request] to compel the partition in kind of the Homeplace under Chapter 360.").

*Marino v. Lenoir*, 526 S.W.3d 403, 409 (Tex. 2017). In *Cole v. State*, the Texas Supreme Court

stated,

> Knowledge of an existing law relating to the same subject is likewise attributed to
> the Legislature in the enactment of a subsequent statute; and when the later act is
> silent as to the older law, the presumption is that its continued operation was
> intended, unless they present a contradiction so positive that the purpose to repeal
> is manifest.

*Cole v. State*, 170 S.W. 1036, 1037 (Tex. 1914).

Here, Chapter 23A evinces an intent to protect the rights of those owning heirs property

by giving them what appears to be a mandatory right to partition. TEX. PROP. CODE ANN.

§ 23A.003(a) ("If the court determines that the property is heirs' property, the property must be

partitioned under this chapter unless all of the cotenants otherwise agree in a record.").

On the other hand, the Texas Estates Code places limitations on when and under what

circumstances an owner of heirs' property (albeit in the form of equitable title) may seek

distribution of the estate via partition. There are the time limitations of Section 405.001(a) and

405.001(b). TEX. EST. CODE ANN. § 405.001(a) ("two years after the date the court clerk first

issues letters testamentary or of administration"); TEX. EST. CODE ANN. § 405.001(b) ("[o]n

receipt of the accounting and, after notice to the independent executor and a hearing"). Then

there is the limitation of whether further administration of the estate of the decedent is needed.

TEX. EST. CODE ANN. § 405.001(b) ("[U]nless the court finds a continued necessity for

administration of the estate, the court shall order its distribution by the independent executor to

the distributees entitled to the property."). This is not to say that owners of heirs' property under

an independent administration are without any protection during the period in which they cannot

19

invoke partition under Section 405.001(b).  There is the protection afforded by the independent executor's fiduciary duty.  *See Austin Tr. Co.*, 664 S.W.3d at 45.  What is more, during the same session in which the Legislature enacted Chapter 23A, it enacted Section 405.0015(1), which, as to property an independent executor is authorized to sell, grants the independent executor statutory powers, including the power to "make distributions in divided or undivided interests."  TEX. EST. CODE ANN. § 405.0015(1).[16]  That power to partition without court supervision would be an odd power to grant if the Legislature meant for Chapter 23A to provide the mandatory method of partition during the pendency of an independent administration.[17]

In the end, *Cole* provides what I believe to be the best guidance under these circumstances.  I believe that Section 405.0015(1) is more specific than Chapter 23A.  I believe that, when enacting Chapter 23A, the Legislature was aware of the relative protections afforded by an independent administration as compared to Chapter 23A. This is especially so given the statutory powers provided to independent executors via Section 405.0015(1).  Considering both statutory schemes as a whole, and in relation to each other, I come to the following conclusion:

I do *not* view Chapter 23A as upsetting the independent administration apple cart. Consequently, I *join* both of my colleagues in holding that Chapter 23A and the statute that it

---

[16]Partition by an independent executor would be more expedient than the process set out by Chapter 23A.  But while more expedient, partition by an independent executor would not come with, among other things, the buyout option available in Chapter 23A.

[17]*In re Estate of Stewart*, is not an endorsement of sale for the purpose of avoiding partition.  No. 04-20-00103-CV, 2021 WL 1987541, at *9 (Tex. App.—San Antonio May 19, 2021, pet. denied) (mem. op.)  It is an encouragement to use the statutory grant of partition power in a manner consistent with an independent executor's fiduciary duties. *Id.*

supplements, Chapter 23, are not available during the pendency of an independent administration.

## V.	Construction of Section 405.0015

As noted at the outset, while I get to the same result as both of my colleagues, at least as to the availability of Chapter 23A partition during independent administration, I get there by a different path. The path taken by the main opinion, in my view, has untenable consequences.

The main opinion construes Section 405.0015 as a codification of an independent executor's power of sale, holding that: "'the independent execut[rix] is authorized to sell' property 'not specifically devised' unless a court order or will provides otherwise." Majority, p. 7 (quoting TEX. EST. CODE ANN. § 405.0015). That construction uses some, but not all, of the words of the statute, and reverses the order of the words it does use. *Id.*

The main opinion's construction fails to give effect to the enumerated powers the Legislature gave to independent executors via Section 405.0015(1)–(4):

> Unless the will, if any, or a court order provides otherwise, an independent executor may, in distributing property not specifically devised that the independent executor is authorized to sell:
>
> > (1)	make distributions in divided or undivided interests;
> >
> > (2)	allocate particular assets in proportionate or disproportionate shares;
> >
> > (3)	value the estate property for the purposes of acting under Subdivision (1) or (2); and

21

(4)　　　adjust the distribution, division, or termination for resulting differences in valuation.

TEX. EST. CODE ANN. § 405.0015.

"Our 'text-based approach to statutory construction requires us to study the language of the specific provision at issue, within the context of the statute as a whole, endeavoring to give effect to every word, clause, and sentence.'" *Malouf v. State ex rel. Ellis*, 694 S.W.3d 712, 726 (Tex. 2024) (quoting *Ritchie v. Rupe*, 443 S.W.3d 856, 867 (Tex. 2014)).

I would construe "an independent executor may" as the pivot-point of the statue. TEX. EST. CODE ANN. § 405.0015. "[I]n distributing property not specifically devised that the independent executor is authorized to sell" is a dependent clause attached to the "may," which describes the action ("distributing") and objects of the action ("property") that are subject to the "may." *Id.* Therefore, an independent executor is given the power to do any of Section 405.0015(1)–(4) when "distributing" the described type of "property." *Id.*

This is the construction used by the law review article on which the main opinion relies. That article encourages the use of the independent executor's newly granted statutory powers of partition provided by Section 405.0015:

> [A]n independent executor with the power of sale may make *non-judicial partition* and distribution of an estate. The independent executor may even make it when the will does not provide specifically for that power nor provide the method or the means for its partition.

R. Shaun Rainey, *Uniform Partition of Heirs' Property Act: Partition with an Acetate Overlay*, 13 EST. PLAN. & CMTY. PROP. L.J. 233, 260, 266 (Fall, 2020) (emphasis added) (footnote omitted) (citing TEX. EST. CODE ANN. § 405.0015).

22

Likewise, *In re Estate of Stewart* is not an endorsement of sale for the purpose of avoiding partition. It is an encouragement to use the statutory grant of partition power in a manner consistent with an independent executor's fiduciary duties. *In re Est. of Stewart*, 2021 WL 1987541, at *9 ("In looking at the plain meaning of section 405.0015, it clearly grants an independent executor, unless otherwise limited, authority to make *distributions in divided* or undivided interests; to allocate particular assets in proportionate or disproportionate share; to value the estate property; and to adjust the distribution, division or termination for resulting differences in valuation." (emphasis added)).

## VI. Rule 91a: "established legal rule" and "conclusively establish"

Having set out all the above it appears to me that Hudson raised a novel question that was not baseless within the meaning of Rule 91a.

It is certainly not baseless under the established precedent of our court. *In re Shire PLC*, 633 S.W.3d at 27. "[T]he [Texas] Supreme Court's Rule 91a cases . . . suggest that the law must be 'settled'" for a Rule 91a dismissal to be proper. *Id.* "The question follows, then, to what extent must the law be settled in order to establish that it is legally impossible for the plaintiff to recover on the claims in its petition?" *Id.*

Since *In re Shire PLC*, the Texas Supreme Court's cases have continued to suggest that the law must be settled for a Rule 91a dismissal to be proper. *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 661 (Tex. 2023) (orig. proceeding) ("A cause of action has no basis in law under Rule 91a if it is barred by an *established legal rule* and the plaintiff has failed to plead facts demonstrating that the rule does not apply." (emphasis added)).

23

It appears that Rule 91a is chiefly a tool to examine where the facts alleged fall in relation to the recognized bounds of the law as opposed to being a tool to draw the bounds of the law regarding the facts. "[E]stablished legal rule" would indicate as much. *Id.* So too would the reminder that a "cause of action" means facts. *Id.* at 662 (quoting *Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 849 n.63 (Tex. 2021)) ("As we have explained many times, a 'cause of action' means the '*fact or facts* entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief.'" (emphasis added)); *see* TEX. R. CIV. P. 91a.1 ("[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."). The resolution of *In re First Reserve Management, L.P.*, is consistent with this view. *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d at 663. There, the plaintiff had asserted claims on several legal doctrines of corporate governance duties, but the plaintiff had either not alleged facts to fit within those doctrines, or the facts that were alleged fell outside of those doctrines. *Id.* The court emphasized: "Plaintiffs' third amended petition makes many *legal accusations* but no *factual allegations* to show a cause of action with a basis in law against First Reserve for TPC's conduct." *Id.*

The Texas Supreme Court has upheld a Rule 91a dismissal involving a novel, but *easily resolved*, question of how statutes fit within an *established* field of law. *Tex. Dep't of Ins. v. Stonewater Roofing, Co.*, 696 S.W.3d 646, 654–55 (Tex. 2024) ("[W]*e have little trouble* concluding that sections 4102.051(a) and 4102.163(a) do not regulate speech protected by the

24

First Amendment." (emphasis added)). There, a roofing company was estimating hail damage claims, representing homeowners in negotiations with insurance companies, and then doing the repairs. *Id.* at 661–62. The company claimed that statutes prohibiting it from acting in all of those roles violated free speech. *Id.* at 654–55. The court began the statutory construction analysis by noting that the statutes, by their own terms, did not regulate expression. *Id.* at 653. The court concluded that the statutes regulated roles, not speech, which made for an easy disposition of the free speech claim. *Id.* at 654–55. [18]

In at least one earlier instance, though, the Texas Supreme Court has indicated that matters of statutory construction are not subject to Rule 91a at all. *See AC Ints., L.P. v. Tex. Comm'n on Env't Quality*, 543 S.W.3d 703, 706 (Tex. 2018) ("We agree that the TCEQs dismissal motion *is premised on matters of statutory construction rather than on any matter subject to Rule 91a* and, therefore, treat it as a general motion to dismiss or dilatory plea premised on the TCEQ's interpretation of the statute.") (emphasis added).

*San Jacinto River Authority v. Medina*, appears to involve a determination of where the facts fall in relation to the law and, indeed, a holding that the facts must "conclusively" fall on the side of dismissal for a Rule 91a dismissal to be proper. 627 S.W.3d 618, 631 (Tex. 2021).

---

[18]*See Tex. Dep't of Ins.*, 696 S.W.3d at 663–64 (Blacklock, J., concurring) ("The reason Stonewater's free-*speech* claim fails is very simple, and we need not comb through a rat's nest of U.S. Supreme Court precedent to find it. The statute does not prohibit Stonewater from *saying* anything to insurance companies—other than 'I am negotiating or settling this claim as an agent for the insured,' or an equivalent statement suggesting that the contractor is authorized to 'act[] on behalf of [the] insured.' TEX. INS. CODE [ANN.] § 4102.001(3)(A)(i). Any such statement would be false, of course, because the Legislature has outlawed such an agency relationship due to understandable concerns about the conflicts of interest that can arise between a contractor and a homeowner when an insurance company is paying for home repairs. The constitutional right of free speech is not violated when the government prohibits a party from misrepresenting its lawful role in a commercial transaction." (first and second alterations in original) (footnote omitted)).

What makes the case all-the-more fact-based is that the Texas Supreme Court denied the Rule 91a dismissal without engaging in statutory construction regarding the precise boundaries of the law. *Id.* There, the plaintiffs sued the River Authority asserting claims, and the waiver of governmental immunity, set forth in Chapter 2007 of the Texas Government Code, the Private Real Property Rights Preservation Act. *Id.* at 621. The SJRA asserted that the plaintiff's *factual* allegations put the case within two statutory exceptions to the waiver of immunity. *Id.* On that basis, the SJRA asserted that it retained immunity. *Id.* The SJRA sought a finding of retained immunity and, hence, a dismissal of the case via Rule 91a. *Id.* The court ruled against the SJRA. *Id.* at 631. "[I]ssues of good faith and reasonableness [were] entwined in the two exclusions," but "[t]he parties had not briefed the meaning of good faith in the context of [that] statute." *Id.* As a result, regarding that matter of statutory construction, the court "express[ed] no opinion on the subject." *Id.* The court decided the case on the basis that "the property owners' pleadings [did] not conclusively establish either statutory exception, which is what Rule 91a demands." *Id.*

Thus, to the examination of Texas Supreme Court decisions in *In re Shire, PLC*, I would add the updates set forth above. In *In re Shire, PLC*, this Court examined the Texas Supreme Court law regarding Rule 91a, but "d[id] not attempt to define how settled the law must be to merit dismissal under Rule 91a." 633 S.W.3d at 27. Instead, we found that a Rule 91a dismissal was not called for under any standard of, for lack of a better word, settledness. *Id.* I believe the same approach is appropriate here.

Hudson's allegation that the property at issue is "heirs' property" within the meaning of Chapter 23A is, and was, well taken. Which means that Hudson won in another significant way. Hudson was correct to assert that she could have sought a Chapter 23A partition if Smith had, at the outset of administration when there were no meaningful debts, distributed the property via a deed making Smith and Hudson tenants in common.[19]

In other aspects, I would find Hudson's legal arguments regarding the various partition statutes and the intersection with the laws governing estate administration to be largely incorrect,[20] and on-the-whole premature as of the time they were filed.[21] But they were worthy of consideration on the merits. They have presented far more trouble than those in *Texas Department of Insurance*. Given these circumstances, I would not depart from *In re Shire PLC* by upholding a Rule 91a dismissal on an unsettled, and indeed, entirely novel legal question.

As stated at the outset, I cannot join in the main opinion's use of a statute Smith did not cite to affirm the Rule 91a dismissal of Hudson's claims.

I would reverse the Rule 91a dismissal.

---

[19]Under the Will, Smith was authorized to sell, but was also authorized to "make, execute and deliver proper deeds, assignments and other written instruments and to do any and all things proper or necessary in the orderly handling and management of [the] estate."

[20]During the pendency of an independent administration, real property subject to administration is not subject to partition under Chapters 23 or 23A, but instead is subject to partition under Chapter 360, if, as, and when properly invoked under Section 405.001 or Section 405.008.

[21]*See* TEX. EST. CODE ANN. § 405.001(a).

## VII.    Special Exceptions

The above concerned Rule 91a.  As a matter of special exceptions, however, I agree with the main opinion's decision to affirm the probate court's dismissal of Hudson's partition claims under Chapters 23 and 23A.  But dismissal via special exceptions raises another issue.

"[O]nce the trial court sustains the special exceptions, if the defect is curable, it must allow the pleader an opportunity to amend."  *Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex. 2006) (per curiam).  "In some cases, a trial court's order granting special exceptions may give the pleader an opportunity to amend to cure deficiencies.  If the pleader elects not to do so, our ruling today does not address whether any complaint about the trial court's special exceptions ruling would be preserved."  *Est. of Phillips*, 700 S.W.3d 428, 431 n.4 (Tex. 2024) (per curiam).

In light of those holdings, I would remand for the trial court to consider whether Hudson should be permitted an opportunity to cure.

For all of these reasons, I respectfully concur-in-part and dissent-in-part.

                                        Jeff Rambin
                                        Justice

Date Submitted:     January 6, 2025
Date Decided:       April 4, 2025

28